# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1 Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

· **See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | ( 860 )548-2700 | January             6 , 2015 |

| | | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☒ Judicial District     G.A. | | **Hartford** | Major: **M**    Minor: **90** |
| ☐ Housing Session      ☐ Number: | | | |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Joshua RI Cohen, Cohen Consumer Law, PO Box 1639, 114 Route 100, West Dover, VT 05356 | 429059 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 802 ) 380-8887 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* jcohen@TheStudentLoanLawyer.com |
|---|---|---|

| Number of Plaintiffs: | Number of Defendants: | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:   Walters, Tiffany   Address: 10 Fern Drive, Bloomfield, CT 06002 | P-01 |
| Additional Plaintiff | Name:   Performant Recovery, Inc. c/o CT Corporation System   Address: One Corporate Center, Hartford, CT 06103-3220 | P-02 |
| First Defendant | Name:   Address: | D-01 |
| Additional Defendant | Name:   Address: | D-02 |
| Additional Defendant | Name:   Address: | D-03 |
| Additional Defendant | Name:   Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left   Joshua RI Cohen | Date signed   11/21/2014 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.   b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.   c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.   d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**Robin Gallup, PO Box 1639, West Dover, VT 05356**

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date   11/21/2014 | Docket Number |
|---|---|---|---|

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
STATE MARSHAL

| RETURN DATE: JANUARY 6, 2015 | : | SUPERIOR COURT |
| TIFFANY WALTERS | : | J.D. OF HARTFORD |
| v. | : | AT HARTFORD |
| PERFORMANT RECOVERY INC. | : | NOVEMBER 21, 2014 |

## COMPLAINT

### FIRST COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. The plaintiff, Tiffany Walters, is a natural person residing in Bloomfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

2. The defendant, Performant Recovery, Inc. ("PRI"), is a California corporation licensed by the Connecticut Department of Banking as a Consumer Collection Agency, is a private collection agency under contract with the Department of Education ("ED") to collect default student loans held by ED under the William D. Ford Direct Loan Program ("Direct Loan") and the Family Federal Education Loan Program ("FFEL"), and is a debt collector as defined by FDCPA § 1692a(6).

3. A default student loan is a consumer debt as defined by FDCPA § 1692a(5).

4. In November of 2013, PRI contacted Plaintiff in an attempt to collect a default Federal student loan held by Great Lakes Higher Education Guaranty Corporation.

5. PRI contacted Plaintiff at her place of employment stating that Plaintiff's wages were scheduled to be garnished.

6.  Plaintiff stated she could not accept calls at her place of employment.

7.  Later that same day, PRI contacted Plaintiff again at her place of employment and left a voicemail message on her work phone.

8.  Later that same day, Plaintiff contacted PRI to discuss what she could do to avoid a wage garnishment.

9.  PRI asked about Plaintiff's income, rent, and number of dependents.

10. PRI did not ask about other expenses.

11. PRI stated that Plaintiff could rehabilitate her loan.

12. PRI stated that Plaintiff would have to make monthly payments of approximately $300.

13. PRI stated that Plaintiff would have to make nine consecutive payments.

14. Plaintiff contacted PRI later that night stating she could not afford $300 a month.

15. Plaintiff asked if there was a way to pay less through the rehabilitation program.

16. PRI responded that $300 was the lowest it could offer for rehabilitation.

17. A month later, in December, Plaintiff contacted PRI to arrange for an affordable rehabilitation payment.

18. PRI asked about Plaintiff's income, rent, and number of dependents.

19. PRI did not ask about other expenses.

20. PRI stated that the payment would be approximately $339 a month, for nine consecutive months.

21. PRI stated payments would only be accepted through a checking account.

2

22. In January, PRI contacted a reference Plaintiff had supplied.

23. PRI told the reference, a third party not authorized to speak on behalf of the Plaintiff, that Plaintiff owed a debt and that her wages were about to be garnished.

24. PRI told the reference that Plaintiff could qualify for a new program with a payment of just $10 a month.

25. Plaintiff contacted PRI upon receiving this message from her reference.

26. Plaintiff complied with PRI's request and forwarded her 2012 Federal Tax Form.

27. PRI stated that the lowest rehabilitation payment based upon Plaintiff's 2012 Federal Tax Form was $182 a month, for 9 consecutive months.

28. Plaintiff contacted PRI later in February asking if there was any way to get a payment lower than $182 as she could not afford it being a single mother.

29. Plaintiff offered to send in documented proof of all expenses.

30. PRI stated that because her balance was as high as it was, and based on her 2012 income, PRI could not offer a lower payment.

31. Plaintiff sent a letter stating her family size with a copy of her Federal Tax Return and her budget.

32. PRI refused to lower the payment in any significantly meaningful way.

33. In March, because Plaintiff was so scared of being subject to a wage garnishment, she agreed to a rehabilitation payment of $170 a month.

34. As a result of having to make an affordable payment, Plaintiff has taken on extra hours of work on the weekend.

3

35. As a consequence of working weekends, Plaintiff has been deprived of family time with her children.

36. PRI failed to offer a reasonable and affordable payment based upon Plaintiff's total financial circumstances when computing this rehabilitation payment as required by the Higher Education Act ("HEA") 20 U.S.C. § 1078-6(a)(1)(B), the corresponding Federal Regulations ("Regulations") 34 CFR § 682.405(b)(1)(iii), and the 2009 PCA Procedures Manual (the "Manual") provided by ED.

37. PRI also failed to forward a rehabilitation agreement to Plaintiff at the commencement of rehabilitation payments to enable her to voluntarily agree to the terms of rehabilitation.

38. PRI violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et. seq.* by requiring a payment that was more than reasonable and affordable payment for rehabilitation, by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment, and by misrepresenting the timing of rehabilitation payments, all in violation of the Higher Education Act and corresponding Regulations.

39. PRI's acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive and unscrupulous; and such as to cause substantial injury to consumers.

40. Plaintiff has sustained an ascertainable loss as a result of PRI's acts, including having to pay more than a reasonable and affordable payment for rehabilitation which resulted in

4

Plaintiff losing time with her children and embarrassing Plaintiff by disclosing her debt to an unauthorized third party, that being Plaintiff's reference.

41. PRI is liable to Plaintiff for these losses as well as, attorney's fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

### SECOND COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1-37.   Paragraphs 1-37 of the First Count are herein incorporated.

38. PRI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, e, e(10), f, and f(1) by requiring a payment that was more than reasonable and affordable payment for rehabilitation.

39. PRI violated FDCPA § 1692d, e, e(10), and f by misrepresenting the timing of rehabilitation payments,

40. PRI violated FDCPA § 1692d, e, e(10), f, and f(1) by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment.

41. PRI violated FDCPA § 1692c(b) for disclosing information about Plaintiff's debt to an unauthorized third party, that being Plaintiff's reference.

42. For PRI's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff seeks her actual damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

WHEREFORE, the Plaintiff seeks:

1.  Actual damages in an amount more than $2,500;

2.  Monetary damages pursuant to Conn. Gen. Stat. §42-110g;

3.  Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

4.  Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g;

5.  Treble damages pursuant to Conn. Gen. Stat. § 52-564

6.  Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;

7.  Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

8.  Such other relief as may apply at law or at equity.

PLAINTIFF: TIFFANY WALTERS

By:

Joshua R.I. Cohen
Cohen Consumer Law
PO Box 1639, 114 Route 100
West Dover, VT 05356
Tel. (860) 233-0338  Fax (860) 233-0339
jcohen@TheStudentLoanLawyer.com
Juris No. 429059

6

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
STATE MARSHAL