UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TIFFANY WALTERS,** | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION NO.** |
| | : | **3:14-cv-01977 (VLB)** |
| **v.** | : | |
| | : | |
| **PERFORMANT RECOVERY,** | : | August 21, 2015 |
| **INC.** | : | |
| Defendant. | : | |

**MEMORANDUM OF DECISION GRANTING AND DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [Dkt. # 15]**

Plaintiff Tiffany Walters brings claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et. seq.* ("CUTPA"), against Defendant Performant Recovery Inc. ("Performant"), a private debt collection agency, in connection with Performant's efforts to collect payment on Plaintiff's federal student loan.

I.  **Background**

The Complaint was originally filed in Connecticut Superior Court, on November 21, 2014. [Dkt. #1-1, Compl. at 1]. On December 30, 2014, Defendant removed this action to federal court. [Dkt. #1-2, Notice of Removal, at 2]. On February 4, 2015, Defendant filed its Answer. *See* [Dkt. #14]. The Answer asserts the following four affirmative defenses:

> **First Affirmative Defense**
>
> Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.
>
> **Second Affirmative Defense**
> Plaintiff['s] claims, in whole or in part, have been waived by plaintiff.
>
> **Third Affirmative Defense**
> Plaintiff's claims are barred to the extent that any violation of the Fair Debt Collection Practices Act by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

> **Fourth Affirmative Defense**
> **Plaintiff's action is barred, whole or in part, to the extent that it was commenced after the running of any applicable statute of limitations.**

[*Id.* at 4-5].

Six days later, on February 10, 2015, Plaintiff filed a Motion to Strike each of the affirmative defenses for failure to comply with the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure and other legal deficiencies. [Dkt. #15]. For the reasons that follow, the Court GRANTS, in part, and DENIES, in part, Plaintiff's motion to strike.

## II.  Legal Standard

The court may on its own, or on a motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, but are within the district court's sound discretion." *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008). Beyond these basic principles, there is much disagreement among courts in this Circuit regarding the standards under which such motions are to be resolved.

Most courts, including the majority in this District, evaluate motions to strike under a three-factor test, in which the plaintiff "must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) [the plaintiff] would be prejudiced by the inclusion of the defense." *Vallecastro v. Tobin, Melien & Marohn*, No. 3:13-cv-1441 (SRU), 2014 WL 7185513, at *7 (D. Conn. Dec. 16, 2014) (citing and quoting *New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011)); *see also Coach Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010); *Trustees of the*

2

*Local 813 Ins. Trust Fund v. Wilner's Livery Serv.*, Inc., No. 11-CV-3180 (DLI) (CLP), 2012 WL 4327070, at *2 (E.D.N.Y. Sept. 19, 2012); *Sanders v. Gifford*, No. 9:11-CV-0326 (LEK/RFT), 2014 WL 1292220, at *6 (N.D.N.Y. Mar. 31, 2014).   The first two prongs of this test examine the legal sufficiency of the asserted defense. *See Coach Inc.*, 756 F. Supp. 2d at 425; *Ellis v. Cygnus Enters., LLC*, No. CV 11-771 (SJF)(AKT), 2012 WL 259913, at *2 (E.D.N.Y. Jan. 3, 2012).  This is "to be determined solely upon the face of the pleading." *Coach Inc.*, 756 F. Supp. 2d at 425 (quoting *Houston v. Manheim-New York*, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)).

As a result, "[d]istrict courts in the Second Circuit have split on whether to apply the heightened [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcroft v. Iqbal*, 556 U.S. 622 (2009)] pleading standard to affirmative defenses." *Vallecastro*, 2014 WL 7185513, at *7 (citing cases).  While courts in other districts have applied *Twombly* and *Iqbal* to affirmative defenses, "[d]istrict judges within the District of Connecticut" generally hold that these cases have not altered the traditional three-factor test.  *Id.* (citing *Vale v. City of New Haven Police Dept.*, No. 3:11-cv-632 (CSH), 2013 WL 5532133, at *2 (D. Conn. Oct. 4, 2013), *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 3:11-cv-948 (JCH), 2011 WL 5825712, at *2 (D. Conn. Nov. 17, 2011), and *Aros v. United Rentals, Inc.*, No. 3:10-cv-73 (JCH), 2011 WL 5238829, at *1 (D. Conn. Oct. 31, 2011)).  Regardless, even under the traditional three-factor approach, an affirmative defense must "give[] the plaintiff fair notice of the nature of the defense."  *MTA Metro-North R.R. v. Buchanan Marine, L.P.*, No. 3:05-cv-881 (PCD), 2006 WL 3544936, at *4 (D. Conn. Dec. 8, 2006); *Aros*, 2011 WL 5238829, at *5 (striking "unclear" affirmative defense where court could not

"determine how th[e] allegation would constitute a legal or factual defense"); *Coach Inc.*, 756 F. Supp. 2d at 425 ("[C]onclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims.") (citing *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001)).

"If a court determines that a defense is legally insufficient, the court must next determine whether inclusion of the defense would prejudice the plaintiff." *Coach Inc.*, 756 F. Supp. 2d at 425-26. Increases in the time and expense of trial and discovery demands "constitute sufficient prejudice to warrant striking an affirmative defense." *Id.* at 426 (citing *Estee Lauder, Inc. v. Origins Natural Res., Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999) and *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005)).

Finally, where a defendant pleads "fraud or mistake" as an affirmative defense, the defendant "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To state an affirmative defense with the required particularity, a party must: (1) specify the statements that the party contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Trustees of the Local 813 Ins. Trust Fund*, 2012 WL 4327070, at *2; *see also Yurman Design, Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307 (JFK), 2002 WL 3135891, at *3 (S.D.N.Y. Sept. 30, 2002). Put another way, "Rule 9(b) particularity means the who, what, when, where, and how: the first paragraph of

4

any newspaper story." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (quotations and citation omitted).

Here, the parties vigorously contest whether or not "the plausibility standard" articulated in *Twombly* and *Iqbal* "applies equally to affirmative defenses." *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 258 (W.D.N.Y. 2012); see [Dkt. #15-1, Pl.'s Memo. at 2-5; Dkt. #17, Def.'s Opp. at 2-5]. The Court need not resolve this dispute in order to rule upon Plaintiff's motion, because its conclusions as to the sufficiency of each affirmative defense would be the same under either pleading standard.[1]

III. Analysis

A. First Affirmative Defense

Defendant avers that "Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted." [Dkt. #14, Answer at 4]. Plaintiff contends that this statement "is not an affirmative defense," but is instead "the simple recitation of a Rule 12(b)(6)

---

[1] In her motion, Plaintiff, citing to *Menard v. Morris*, No. 3:09-cv-001165 (VLB), ECF No. 33 (D. Conn. Aug. 10, 2010), contends that this Court has already "concluded that the heightened pleading standards for claims for relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses." [Dkt. #15-1, Pl.'s Memo. at 4]. However, the text entry Order on which Plaintiff relies indicates no such ruling. Instead, the Court quoted language from *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) stating that "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Menard*, No. 3:09-cv-001165 (VLB), at [Dkt. #33]. This passage from *Aspex* is a direct quote from *Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996), a case decided *over a decade* before either *Twombly* or *Iqbal*. *See Aspex*, 531 F. Supp. 2d at 623. That the *Aspex* court elsewhere in its opinion stated that the heightened pleading standard articulated in *Twombly* "applies to a . . . motion to strike an affirmative defense pursuant to Rule 12(f)" does not mean that this Court has adopted that position as well. *Id.* at 622.

5

motion to dismiss" which "must be asserted before pleading an answer." [Dkt. #15-1, Pl.'s Memo. at 5].  Plaintiff is mistaken.

First, "it is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." *Erickson Beamon, Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105 (NRB), 2014 WL 3950897, at *4 (S.D.N.Y. Aug. 13, 2014) (quoting *S.E.C. v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992)); see also *Aros*, 2011 WL 5238829, at *4 ("[A] party may include failure to state a claim as an affirmative defense in its answer, and [] such a defense is invulnerable as against the [12(f)] motion.") (citation and quotation omitted); *Vale*, 2013 WL 5532133 at **1, 3, *3 n.2 (denying motion to strike affirmative defense which pled only "Plaintiff fails to state a claim against Defendant" and citing and quoting *Aros*); *MTA Metro-North R.R.*, 2006 WL 3544936, at *3-4 (denying motion to strike affirmative defense to counterclaim which stated solely that "defendants have failed to state a claim upon which relief can be granted").

Second, even if this bare assertion fails to satisfy the heightened *Twombly* and *Iqbal* standard,  Plaintiff does not identify, nor can the Court ascertain, any "prejudicial harm to plaintiff" arising from the inclusion of this defense, and thus, "the defense need not be stricken."  *Cnty. Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002); see also *Aros*, 2011 WL 5238829, at *4 (denying motion to strike defense of failure to state a claim where there was no indication that inclusion of the defense would result in prejudice). The assertion of this special defense does not appreciably increase the amount or cost of discovery which the parties would be required to undertake, if at all.

6

Accordingly, Plaintiff's motion is DENIED as to the First Affirmative Defense.

B.     Second Affirmative Defense

Next, Defendant asserts that Plaintiff's "claims, in whole or in part, have been waived by plaintiff." [Dkt. #14, Answer at 4]. "Waiver is the intentional relinquishment of a known right." *Jenkins v. Indemnity Ins. Co. of N. Am.*, 205 A.2d 780, 784 (Conn. 1964). To establish waiver under Connecticut law, "[i]t must be shown that the party understood its rights and voluntarily relinquished them anyway." *Worth Constr. Co., Inc. v. Dep't of Public Works*, 54 A.3d 627, 631 (Conn. App. 2012). As Plaintiff points out in her motion, the affirmative defense is devoid of any "facts stating or identifying how Plaintiff's claims were waived." [Dkt. #15-1 Pl.'s Memo. at 6]. Without such facts, Plaintiff (and the Court) is left guessing "how a waiver defense would apply here," particularly, since "[t]here is no indication that Plaintiff[] ha[s] intentionally relinquished any rights." *Coach Inc.*, 756 F. Supp. 2d at 428 (concluding that bare allegation of waiver prevented court from finding a "question of fact or law that might allow a waiver defense to succeed" and was thus "insufficient as a matter of law"); *see also Shaub & Williams, LLP v. Augme Techs., Inc.*, No. 13 Civ. 2202 (GBD), 2014 WL 625390, at *9 (S.D.N.Y. Feb. 14, 2014) (striking affirmative defense of waiver where Defendant "ha[d] not alleged any fact supporting the assertion"). Prejudice to Plaintiff is clear, as this bald legal conclusion, devoid of any facts, precludes Plaintiff from "properly tailor[ing] her discovery and motion practice as the case progresses." [Dkt. #15-1, Pl.'s Memo. at 5].

7

Defendant responds only with its objection to the application of "the heightened pleading standard of *Twombly* and *Iqbal* [] to affirmative defenses." [Dkt. #17, Opp. at 6]. As this bare allegation of waiver fails to "give[] the plaintiff fair notice of the nature of the defense," the affirmative defense would not survive even under a more generous pleading standard. *MTA Metro-North R.R. v. Buchanan Marine, L.P.*, 2006 WL 3544936, at *4.

In addition, whether Plaintiff may waive either her FDCPA or CUTPA claims is far from clear. "The FDCPA is remedial in nature and should be liberally construed." *Lee v. Kucker & Bruh, LLP*, 958 F. Supp. 2d 524, 528 (S.D.N.Y. 2013) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989). The Second Circuit's recent treatment of a similarly "protective statute," the FLSA, holding that stipulated dismissals reached in connection with claims under the statute must be approved by the district court or the Department of Labor, suggests that a waiver argument under the FDCPA does not have a high likelihood of success. *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, at *7 (2d Cir. Aug. 7, 2015). Indeed, the lone appellate court which appears to have addressed waiver of any rights under the FDCPA held only that waiver of a prior cease communication directive was possible. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). But even there, the Ninth Circuit reaffirmed, "[o]ut of an abundance of caution," the "obvious" conclusion that "a consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate, such as false, misleading, harassing, or abusive communications. Permitting such a waiver would violate the public policy goals pursued by the FDCPA." *Id.* at n. 5. Here, Plaintiff appears to base

8

her FDCPA claim not on a cease communication directive, but instead, on Defendant's "requiring a payment that was more than reasonable and affordable[,] . . . . misrepresenting the timing of rehabilitation payments[,] . . . failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment[,] . . . [and] disclosing information about Plaintiff's debt to an unauthorized third party."  [Dkt. #1-2, Compl. at ¶¶ 38-41].

Moreover, CUTPA, like the FDCPA, "is remedial in nature," and at least two Connecticut courts have expressly held that such claims "cannot be waived." *See Kaeser Const. Co. v. Schimmeck*, No. FBTCV136035639S, 2015 WL 4173036, at *3 (Conn. Super. Jun. 8, 2015) (concurring with holding in *T.D. Bank, N.A. v. Nutmeg Invs., LLC*, No.CV085009473S, 2010 WL 4277552 (Conn. Super. Sept. 29, 2010)).[2]

Accordingly, Plaintiff's motion is GRANTED as to the Second Affirmative Defense, with leave to file an Amended Answer stating the factual basis of the waiver special defense within 21 days of the date of this decision.

C.      Third Affirmative Defense

Defendant contends that "Plaintiff's claims are barred to the extent that any violation of the [FDCPA] by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  [Dkt. #14, Answer at 4].  As an initial matter, Plaintiff correctly points out that "[b]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity."  *Nguyen v. HOVG, LLC*, No. 14-cv-837 (BTM)

---

[2] The Court will not address these issues beyond the above observations unless prompted by the parties' subsequent filings.

(RBB), 2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014) (citing Fed. R. Civ. P. 9(b)); *Wiebe v. Zakheim & Labrar, P.A.*, No. 6:12-cv-1200-ORL-18TBS, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07-C-5338, at *1 (N.D. Ill. May 14, 2008) (finding defendant "obligated to comply with both Fed. R. Civ. P. 8 and 9(b)" when asserting bona fide error defense under the FDCPA); *see also* [Dkt. #15-1, Pl.'s Memo. at 5-6]. Thus, this affirmative defense is subject to a heightened pleading standard, regardless of whether *Iqbal* or *Twombly* generally apply to affirmative defenses. *See* Fed. R. Civ. P. 9(b).  As stated above, to satisfy Rule 9(b), the defense must articulate "who, what, when, where, and how" the bona fide error occurred. *General Elec. Capital Corp.*, 128 F.3d at 1078.

  Here, again, the defense, as pled, fails to provide *any* of this information. Consequently, it does "not plead facts that would give [Plaintiff] sufficient notice of [the] specific mistake that [the Defendant] is referencing."  *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *see also Godson*, 285 F.R.D. at 259 (striking defense of bona fide error where there was "no indication whatsoever of what that error might be").

  Defendant responds by citing *Vallecastro*, and stating that the Plaintiff "'does not allege that there is no question of fact that might allow the defense to succeed, she does not contest that a substantial question of law exists that might allow the defense to succeed,' and she does not allege prejudice." [Dkt. #17, Def.'s Opp. at 7 (quoting *Vallecastro*, 2014 WL 7185513, at *8)].  *Vallecastro* is

distinguishable because the plaintiff did not contend that the defense failed to comply with Rule 9(b), or otherwise suggest that she was unaware of the error(s) relied upon by the defendant in support of the defense.  *Cf.* [Dkt. #15-1, Pl.'s Memo. at 5-6].  Instead, the plaintiff challenged the sufficiency of the defense by claiming that "pleading 'procedures reasonably adapted to avoid any such error' must require more than a mere conclusory assertion to that effect'" and went "on to describe the kind of evidence required to prevail on such a defense." *Vallecastro*, 2014 WL 7185513, at *8.  In addition, the plaintiff did not "articulate how she would be prejudiced." *Id*.  Here, Plaintiff asserts, and the Court agrees, that absent any facts surrounding the error(s) Defendant intends to rely upon in support of the defense, Plaintiff will be unable to "properly tailor her discovery and motion practice as the case progresses."  [Dkt. #15-1, Pl.'s Memo. at 5]. Moreover, the failure to plead any facts regarding the error or any other aspect of this defense prevents this Court from determining "how this allegation would constitute a legal or factual defense."  *Aros*, 2011 WL 5238829, at *5.  Finally, and relatedly, in good faith, the Plaintiff could neither assert that there is no question of fact that might allow the defense to succeed, or contend that no substantial question of law exists that might allow the defense to succeed where the Defendant has failed to plead, and thus the Plaintiff has no idea of, the factual basis for the special defense.

     Accordingly, Plaintiff's motion is GRANTED as to the Third Affirmative Defense, with leave to file an Amended Answer stating the factual basis of the bona fide error special defense within 21 days of the date of this decision.

**D.     Fourth Affirmative Defense**

Finally, Defendant pleads that "Plaintiff's action is barred, whole or in part, to the extent that it was commenced after the running of any applicable statute of limitations."  [Dkt. #14, Answer at 5].  By failing to identify the particular statute relied upon, this defense, like the others, is vague and barebones.  Such laxity suggests that there may not be a good faith basis for the special defense, particularly since the statute of limitations governing FDCPA and CUTPA claims is one and three years, respectively, the Complaint was originally filed on November 21, 2014, and the Complaint suggests that Defendant first contacted Plaintiff "[i]n November of 2013."  [Dkt. #1-2, Compl. at ¶ 4]; *see also* 15 U.S.C. § 1692k(d); Conn. Gen. Stat. § 42-110g(f).  However, the Second Circuit instructs that such information, "though helpful, is not required in the pleading," and that a statute of limitations "defense is sufficiently raised for purposes of Rule 8 by its *bare assertion*."  *Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 125 (2d Cir. 1991) (emphasis in original) (quoting *Santos v. Dist. Council of New York City*, 619 F.2d 963, 967 (2d Cir. 1980)); *see also Cattaraugus Cnty. Project Head Start v. Exec. Risk Indem., Inc.*, No. 00-CV-0167E(F), 2000 WL 1737943, at *2 (W.D.N.Y. Nov. 8, 2000) (denying motion to strike defense consisting solely of the word "estoppel" upon concluding that "[t]he affirmative defense of estoppel is akin to that of the statute of limitations" and noting that the "statute of limitations defense is sufficiently raised under FRCP 8 by its mere assertion").[3]

---

[3] Although the Second Circuit has not revisited this conclusion since *Twombly* and *Iqbal*, its vitality has not been questioned and district courts continue to apply it.  *See, e.g., Valentine Props. Assocs., LP v. U.S. Dep't of Housing & Urban Dev.*, 785 F. Supp. 2d 357, 370 n. 4 (S.D.N.Y. 2011) (citing and quoting *Santos*).

Accordingly, Plaintiff's motion is DENIED as to the Fourth Affirmative Defense.

IV. <u>Conclusion</u>

Based upon the foregoing reasoning, Plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff's motion is DENIED as to Defendant's First and Fourth Affirmative Defenses. Plaintiff's motion is GRANTED as to Defendant's Second and Third Affirmative Defenses. The Court GRANTS Defendant leave to amend its deficiently pled defenses by 21 days following the issuance of this Order.

IT IS SO ORDERED.<br>
_____/s/_____<br>
Hon. Vanessa L. Bryant<br>
United States District Judge

Dated at Hartford, Connecticut: August 21, 2015